IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22CR66 |
| v. | |
| FAYE HARDESTY, | MEMORANDUM AND ORDER |
| Defendant. | |

On February 15, 2023, defendant Faye Hardesty ("Hardesty") pleaded guilty (Filing Nos. 110, 117) pursuant to a written plea agreement (Filing No. 118) to one count of conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. As part of the plea agreement, the government dropped twenty-eight other pending robbery and gun charges against Hardesty and agreed she should receive a downward adjustment at sentencing for her "minimal" participation in her crimes of conviction (Filing No. 49). *See* U.S.S.G. § 3B1.2(a). The parties further agreed Hardesty should face only a five-year mandatory minimum rather than a ten-year mandatory minimum on the gun charge. *See* 18 U.S.C. § 924(c)(1)(A) (requiring the mandatory minimum to run consecutively to the punishment for the underlying crime of violence).

On May 15, 2023, the Court accepted the parties' plea agreement and sentenced Hardesty to 18 months on the conspiracy charge and to the mandatory-minimum 60 consecutive months on the gun charge (Filing No. 129, 132)—for a total of 78 months. *See id.* Despite the seriousness of Hardesty's offenses and the significant amount of time she potentially faced, the Court imposed a relatively light custodial sentence to account for her youth, the circumstances of her crimes, and her individual history and characteristics. *See* 18 U.S.C. § 3553(a). The Court also imposed concurrent terms of supervised release of 3

years and 5 years, respectively, and ordered her to pay $8,463.67 in restitution for her crime spree. Hardesty did not appeal.

She is serving her sentence at the Federal Correctional Institution in Tallahassee, Florida ("FCI Tallahassee"). Her projected release date is December 10, 2027.

Now before the Court is Hardesty's *pro se* Motion for Reconsideration (Filing No. 184). She asks the Court to reduce her sentence pursuant to 18 U.S.C. § 3742(e) based on her post-sentencing rehabilitation.[1] Noting she was just nineteen at the time of her crimes and reporting she has completed more than 100 hours of programming at FCI Tallahassee, Hardesty states she has "done a lot of growing and changing the last two years." In addition to earning her GED and taking other classes, she works as a call-center representative and has remained "incident free."

In a separate letter to the Court, Hardesty also requests the Court's "permission to receive a year at a Halfway House." Averring she is "coming home to nothing" and has to "restart [her] whole life," she credibly contends that time in a halfway house will allow her to get a job, save money, and "get [her] life together," so she can more successfully transition back into the community and support her young daughter.

The government opposes Hardesty's motion on multiple grounds (Filing No. 187). Aptly noting § 3742 provides "a mechanism for appellate review of sentencing errors, not a statutory grant of authority for a District Court to revisit and reduce a final sentence based on the subsequent rehabilitation of an offender," the government contends she "does not qualify for a reduction under" § 3742(e), especially given her express waiver of most of her appellate rights in her plea agreement. Certain Hardesty is grasping at legal straws, the

---

[1] Hardesty also cites 18 U.S.C. § 3582(c) for the proposition that "[o]nce imposed, a sentence may be modified only in [] limited circumstances."

government argues that her rehabilitation does not warrant reducing her sentence in these circumstances.

As for Hardesty's brief reference to § 3582(c), the government maintains her motion does not fit that statute's narrow exceptions. In its view, she neither seeks "compassionate relief" under § 3582(c)(1)(A) nor alleges "a retroactive [United States Sentencing Guidelines] amendment under § 3582(c)(2)." *See United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023) (explaining sentence reductions under § 3582(c)(1)(A) are commonly referred to as compassionate release). It reiterates that rehabilitation alone is not an "extraordinary and compelling reason" to reduce a sentence as required by § 3582(c)(1)(A). *See also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); U.S.S.G. § 1B1.13(d) (noting a defendant's rehabilitation is relevant to the requisite inquiry but insufficient by itself to warrant relief).

Turning to Hardesty's request for a twelve-month placement at a halfway house, the government acknowledges that 18 U.S.C. § 3624(c)(1) permits the placement of a prisoner at a community correctional center or residential re-entry center ("CCC/RRC"). But it emphasizes that 18 U.S.C. § 3624(c)(1) gives exclusive authority to make such a placement to the Director of the Bureau of Prisons ("BOP"). The government further argues any such request from Hardesty is both premature and excessive. *See* Second Chance Act of 2007: Community Safety Through Recidivism Prevention, Pub. L. No. 110-199, 122 Stat. 657 (2008). According to the government, such placement requests usually come nearer the end of a prisoner's sentence. Moreover, placements "exceeding six months are rare and typically reserved for inmates with particularly extraordinary and compelling re-entry needs, as determined on an individual-by-individual basis by the BOP, not by the actual sentencing court."

The government's arguments are generally well-taken. Like the government, the Court commends Hardesty's sincere efforts to turn the page on her criminal past and

improve herself while in prison. Hopefully, she and her daughter will both benefit for a lifetime from the positive changes she has made. Still, having carefully reviewed Hardesty's request and the record in this case, the Court finds that her post-sentencing rehabilitation does not warrant a sentence reduction at this time.

As Hardesty concedes, federal courts "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Of course, there are limited exceptions, but Hardesty has not shown that any of them apply in her case at this point, particularly given the fact that she is still subject to a five-year mandatory-minimum sentence on the gun charge. *See*, *e.g.*, *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017); *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).

With respect to Hardesty's request for the Court's "permission" to be placed in a halfway house for twelve months, the Court agrees with the government that those pivotal placement decisions have been committed to the BOP, not this Court. *See* 18 U.S.C. §§ 3621(b) (empowering the BOP to "designate the place of the prisoner's imprisonment" and direct their transfer between facilities and providing that "a designation of a place of imprisonment [by the BOP] is not reviewable by any court"); 3624(c)(1) (authorizing placement at a CCC/RRC for up to twelve months); 28 C.F.R. § 570.20 (broadly defining community confinement); *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008). Hardesty should direct her efforts to be placed at a halfway house to the BOP at the appropriate time.

Based on the foregoing, Hardesty's *pro se* Motion for Reconsideration of her sentence and secondary request for permission to be placed at a halfway house for twelve months (Filing No. 184) are denied without prejudice.

IT IS SO ORDERED.

Dated this 20th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge